IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LEONARD JENKINS,**                    CASE NO. 1:25 CV 254

    Petitioner,

    v.                                           JUDGE JAMES R. KNEPP II

**MALCOLM HEARD,**[1]

    Respondent.                    **MEMORANDUM OPINION AND ORDER**

    Petitioner Leonard Jenkins ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 5). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On November 25, 2025, Judge Armstrong issued an R&R recommending the Court transfer Petitioner's Petition to the Sixth Circuit. (Doc. 13). Petitioner filed objections to the R&R. (Doc. 14).

    The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, grants Respondent's Motion to Transfer, and transfers Petitioner's habeas Petition to the Sixth Circuit Court of Appeals.

---

1. Petitioner is now incarcerated at Franklin Medical Center; Warden Malcolm Heard is the Warden of that institution and thus the proper Respondent in this case. The Court therefore substitutes Warden Heard as Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

**BACKGROUND**

This habeas case, filed on January 31, 2025, stems from Petitioner's 1982 convictions for aggravated murder, aggravated robbery, attempted murder, kidnapping, and possession of criminal tools. (Doc. 10-1, at 289-90). On December 9, 1985, Petitioner filed a § 2254 habeas petition in this Court. *Jenkins v. Morris*, 1:85 CV 3707 (N.D. Ohio).

In her R&R, Judge Armstrong recommends the Court find Petitioner's present Petition is a "second or successive" petition under 28 U.S.C. § 2244(b). (Doc. 13, at 7-11). She therefore recommends the Court grant Respondent's Motion to Transfer and transfer the Petition to the Sixth Circuit pursuant to 28 U.S.C. §§ 1631 and 2244(b)(3)(A). *Id.* at 11.

**STANDARD OF REVIEW**

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213-14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. Am. Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D. Tenn.); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R. (Doc. 14). Therein, Petitioner argues he is imprisoned on a "void judgment" and that he is "entitle[d] to release." *Id.* at 2. He asks the Court to "issue an order compelling" his attendance at a resentencing hearing. *Id.*

Petitioner's objections do not speak to the R&R's recommendation that this Court find the Petition is "second or successive" under 28 U.S.C. § 2244(b)(3)(A) or that transfer to the Sixth Circuit pursuant to 28 U.S.C. §§ 1631 is proper. Petitioner has thus not filed a proper objection to the R&R. Moreover, upon review, the Court finds no error in the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Armstrong's R&R (Doc. 13) be, and the same hereby is, ADOPTED as the Order of this Court; and it is

FURTHER ORDERED that Respondent's Motion to Transfer (Doc. 10) be and the same hereby is GRANTED as set forth in the R&R; and it is

FURTHER ORDERED that the Petition (Doc. 5), be, and the same hereby is, TRANSFERRED to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631; and it is

FURTHER CERTIFIED that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 6, 2026